# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASSA REALTY, LLC, | Case No.: 1:17-cv-02955 |
| Plaintiff, | |
| v. | |
| FEYYAZ OCALAN and CASSA HOUSING LLC, | |
| Defendants. | |

**DEFENDANTS FEYYAZ OCALAN AND CASSA HOUSING LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER THIS ACTION TO THE EASTERN DISTRICT OF VIRGINIA**

**Table of Contents**

I.    INTRODUCTION ................................................................................................................. 1

II.   FACTUAL BACKGROUND ............................................................................................... 2

III.  ARGUMENT ...................................................................................................................... 3

  A.  This Court Lacks Personal Jurisdiction Over the Defendants. .......................................... 3

    1.  Legal Standards .......................................................................................................... 3

    2.  There is no Personal Jurisdiction Under New York's Long Arm ................................ 4
    Statute, CPLR § 302(a). ............................................................................................... 4

    3.  Exercising Personal Jurisdiction Does Not Comport with Due Process ........................ 6
    Standards. .................................................................................................................... 6

  B.  Plaintiff's Complaint Should Be Dismissed Because Venue is Improper ......................... 8

  C.  In the Alternative, This Case Should Be Transferred to the United States ........................ 9
  District Court in Eastern District of Virginia. .................................................................. 9

IV.   CONCLUSION .................................................................................................................. 10

## **Table of Authorities**

**CASES**

*Am. Network, Inc. v. Access America/Connect Atlanta, Inc.*, 975 F. Supp. 494, 497 (S.D.N.Y. 1997) ................................................................................................................. 6

*Assa Realty LLC v. Solution Grp. Corp.*, case no. 2:17-cv-0177, 2017 U.S. Dist. LEXIS 77337 (S.D.N.Y. May 22, 2017)......................................................................................... 2

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d. Cir. 2002)..... 7

*Bensusan Restaurant Corp. v. King*, 937 F. Supp. 295, 299 (S.D.N.Y. 1996)............................. 10

*Berman v. Informix Corp.*, 30 F. Supp.2d 653, 659 (S.D.N.Y. 1998) ......................................... 11

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 and (1985)............................................. 8

*Capitol Records, LLC v. VideoEgg, Inc*., 611 F. Supp. 2d 349, 368 (S.D.N.Y. 2009)................. 11

*City of N.Y. v. Cyco.Net, Inc.*, 383 F. Supp. 2d 526, 543 (S.D.N.Y. 2005) ................................... 9

*Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167-68 (2d Cir. 2015) ................................... 3

*Hearst Corp. v. Goldberger*, 1997 U.S. Dist. LEXIS 2065 at *42-43 (S.D.N.Y. Feb. 26, 1997).. 6

*In re Terrorist Attacks* on Sept. 11, 2001, 714 F.3d 659, 673 (2d Cir. 2013)............................... 4

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ............................................................... 8

*ISI Brands, Inc. v. KCC Int'l, Inc.,* 458 F. Supp. 2d 81, 89-90 (E.D.N.Y. 2006) .......................... 6

*Mayes v. Leipziper*, 674 F.2d 178, 185 n.5 (2d Cir. 1982) ............................................................ 7

*McGowan v. Smith*, 52 N.Y.2d 268 (1981).................................................................................... 5

*Megna v. Biocomp Labs. Inc.*, 166 F. Supp. 3d 493, 498 (S.D.N.Y. 2016)................................... 5

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)................ 7

*Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) ................................... 3

*Realuyo v. Villa Abrille*, 2003 U.S. Dist. LEXIS 11529 at *30 (S.D.N.Y.  Jul. 8, 2003).............. 5

*Savage Universal Corp. v. Grazier Constr., Inc.*, No. 04 Civ. 1089, 2004 U.S. Dist. LEXIS 16088 at *30 (S.D.N.Y. Aug. 12, 2004) ........................................................................ 6

*Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 180 (2d Cir. 2008) ........................... 1

*Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004)............................................... 4

*Warner Bros Entm't v. Ideal World Direct*., 516 F. Supp. 2d 261, 266 (S.D.N.Y. 2007).............. 5

Defendants Feyyaz Ocalan ("Mr. Ocalan") and Cassa Housing, LLC ("Cassa Housing") move, pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3), to dismiss Plaintiff's Complaint for lack of personal jurisdiction and improper venue, or, in the alternative, to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Virginia.

## I.      INTRODUCTION

This Court lacks personal jurisdiction over Mr. Ocalan and Cassa Housing because, contrary to Plaintiff's bare and unsupported jurisdictional allegations, the Defendants do not have any connections to New York.  Mr. Ocalan is an individual who resides in Arlington, Virginia.  *See* Ocalan Decl. at ¶ 3.  Cassa Housing is a Virginia limited liability company, providing services relating to temporary housing for students, interns and/or corporate employees in Northern Virginia.  *Id*. at ¶ᵃ 5-6.  Neither Defendant does any business in New York, and Mr. Ocalan does not have contacts there.  *Id*. at ¶¶ 7-10

Plaintiff nonetheless alleges that this Court has jurisdiction over the Defendants and is a proper venue because they (1) "conduct business in this judicial district, including committing acts of trademark infringement as alleged herein" and (2) "a substantial part of the events or omissions giving rise to the claims occurred in this judicial district."  Complaint at ¶¶ 6, 7.  To survive this motion to dismiss, Plaintiff cannot rely on these conclusory allegations because they are not well-plead.  *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 602 n.3 ("The Court accepts all ***well-pleaded*** facts in the Complaint as true for the purpose of ruling on a motion to dismiss.") (emphasis added) (citing *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 180 (2d Cir. 2008).  Moreover, these conclusory allegations contradict other allegations in prior paragraphs, which concede that Mr. Ocalan resides in Virginia where his business is located.  *See* Complaint

1

at ¶¶ 3-4.  Because Plaintiff has not plead facts sufficient to demonstrate that venue is proper in this district or that this Court has personal jurisdiction over the Defendants, this motion to dismiss should be granted.

Recently, Judge Forrest of the Southern District dismissed another complaint filed by Plaintiff against defendants who were based in Florida.  *See Assa Realty LLC v. Solution Grp. Corp.*, case no. 2:17-cv-0177, 2017 U.S. Dist. LEXIS 77337 (S.D.N.Y. May 22, 2017)[1].  In that case, the court concluded that the Southern District was an improper venue because "[a]ccepting all of the allegations in plaintiff's complaint as true, almost all (if not all) of the events allegedly giving rise to plaintiff's claims occurred in Florida."  *Assa*, 2017 U.S. Dist. 77337 at *5.  The relevant facts here are the same, except instead of Florida, the Defendants here are based in Virginia.  Ocalan Decl. at ¶¶ 3-5.  The Court should therefore grant this motion to dismiss because the jurisdictional and venue flaws are the same as they were in Plaintiff's previously dismissed complaint.

## II.    FACTUAL BACKGROUND

Plaintiff provides only conclusory allegations as to why this Court has jurisdiction and is a proper venue.  These allegations are that (1) "Defendants conduct business in this judicial district, including committing acts of trademark infringement as alleged herein"; (2) "a substantial part of the events or omissions giving rise to the claims occurred in this judicial district"; and (3) Defendants "focus[] or direct[] its [sic] advertisement into New York and the people living or working in the State of New York."  Complaint at ¶¶ 6, 7, 23.  Defendants, however, have no presence in New York.  Ocalan Decl. at ¶¶ 3-10.  Cassa Housing is a Virginia limited liability company, providing temporary housing to students, interns and corporations, and

---

[1] The unreported cases cited herein are appended to the declaration of Sudip Kundu.

which has a principal place of business in Northern Virginia.  *Id.* at ¶¶ 5-6.  Mr. Ocalan is the

founder and manager of Cassa Housing, residing in Northern Virginia.  *Id.* at ¶¶ 3-4.  Defendants

thus have no contacts in New York, they do no business in New York, and they do not direct any

advertisements to New York.  Moreover, Plaintiff's Complaint admits that Defendants do

business in the greater Washington, DC area.  *See, e.g.*, Compl. at ¶¶ 2-4, 19.

## III.    ARGUMENT

### A.    This Court Lacks Personal Jurisdiction Over the Defendants.

Because Defendants have no presence in New York and instead do business in the greater

Washington, DC area, Plaintiff cannot demonstrate that this Court has personal jurisdiction over

Defendants.

#### 1.    Legal Standards

To survive a motion to dismiss for lack personal jurisdiction, a plaintiff must make a

prima facie showing that jurisdiction exists.  *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161,

167-68 (2d Cir. 2015).  Such showing entails making "legally sufficient allegations of

jurisdiction," including "an averment of facts that, if credited would suffice to establish

jurisdiction over the defendant." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d

Cir. 2010). Courts will not, however, resolve "argumentative inferences in the plaintiff's favor"

or "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks* on

Sept. 11, 2001, 714 F.3d 659, 673 (2d Cir. 2013).

To determine personal jurisdiction over a non-domiciliary in a case involving a federal

question, the Court engages in a two-step inquiry to determine whether it has personal

jurisdiction over a defendant. *Eades*, 799 F.3d at 168.  First, the court determines whether there

is personal jurisdiction over the defendant under the laws of the forum state.  *Id*.  If the forum

3

state's laws allow for personal jurisdiction, the Court determines whether personal jurisdiction

comports with the protections established by the Due Process Clause of the Constitution. *Id.*

### 2. There is no Personal Jurisdiction Under New York's Long Arm Statute, CPLR § 302(a).

As a threshold matter, "in a federal question case, where the defendant resides outside the

forum state, federal courts apply the forum state's personal jurisdiction rules if the applicable

federal statute does not provide for national service of process." *Sunward Elecs., Inc. v.*

*McDonald*, 362 F.3d 17, 22 (2d Cir. 2004). Because the Lanham Act does not provide for

national service of process, New York's long-arm statute, New York Civil Practice Law and

Rules ("CPLR") § 302(a), governs the instant action. *Id.*

### a. Analysis Under CPRL § 302(a)(l)

To establish personal jurisdiction under section § 302(a)(1), two requirements must be

met; (1) The defendant must have transacted business within the state; and (2) the claim asserted

must arise from that business activity. *McGowan v. Smith*, 52 N.Y.2d 268 (1981). A non-

domiciliary transacts business under CPLR 302(a)(l) when he purposefully avails himself of the

privilege of conducting activities within New York, thus invoking the benefits and protections of

its laws. *Warner Bros Entm't v. Ideal World Direct.*, 516 F. Supp. 2d 261, 266 (S.D.N.Y. 2007).

As described above, neither Defendant does any business or has any presence in New

York. Ocalan Decl. at ¶¶ 3-10. Plaintiff attempts to overcome this fact by alleging in conclusory

fashion that Defendants "intended or intend, by use of the internet and social media, on a

national and international campaign that also targets, focuses or directs its advertisements into

the State of New York and the people living or working in the State of New York." *See, e.g.*,

Compl. at ¶ 23. As an initial matter, this conclusory allegation need not be taken as true given

that it is not well-plead. *Dawkins*, 646 F. Supp. 2d at 602 n.3. Moreover, even if taken as true, it

fails to establish personal jurisdiction.  As courts in this District have found, for the Court to

exercise personal jurisdiction, the "mere availability of [a] [w]ebsite to New York residents is

insufficient."  *Megna v. Biocomp Labs. Inc.*, 166 F. Supp. 3d 493, 498 (S.D.N.Y. 2016); *Warner

Bros.*, 516 F. Supp. 2d at 266; *Realuyo v. Villa Abrille*, 2003 U.S. Dist. LEXIS 11529 at \*30

(S.D.N.Y.  Jul. 8, 2003) (stating that an "allegedly libelous article [that] is published on a website

available to readers in New York is insufficient to exercise jurisdiction over [defendant]

consistent with due process.").

Plaintiff's bare allegations that Defendants have a website and social media that can be

accessed in New York fails to establish personal jurisdiction.  Accordingly, there can be no

personal jurisdiction over Defendants under § 302(a)(2).

**b.      Analysis Under CPRL Section 302(a)(2)**

Personal jurisdiction is generally appropriate under N.Y. C.P.L.R. § 302(a)(2) only if a

defendant was physically present in New York when committing the alleged tort.  *Hearst Corp.

v. Goldberger*, 1997 U.S. Dist. LEXIS 2065 at \*42-43 (S.D.N.Y. Feb. 26, 1997).  When websites

display allegedly infringing marks, the tort is committed where the website is created and/or

maintained.  *ISI Brands, Inc. v. KCC Int'l, Inc.,* 458 F. Supp. 2d 81, 89-90 (E.D.N.Y. 2006); *Am.

Network, Inc. v. Access America/Connect Atlanta, Inc.*, 975 F. Supp. 494, 497 (S.D.N.Y. 1997).

Further, "the mere operation of a website containing or using others' trademarks does not

constitute a tort anywhere the site can be viewed."  *Savage Universal Corp. v. Grazier Constr.,

Inc.*, No. 04 Civ. 1089, 2004 U.S. Dist. LEXIS 16088 at \*30 (S.D.N.Y. Aug. 12, 2004).

Here, Cassa Housing is a Virginia corporation whose only office is in Virginia and

neither Cassa Housing nor Mr. Ocalan have a presence in New York and their website or social

media pages were not created in New York.  Based on well-established principles in this District,

the mere operation, or existence of a website or other social media that hypothetically could be

5

accessed by users in New York does not give rise to personal jurisdiction.  Accordingly, section

302(a)(2) provides no basis for personal jurisdiction over Defendants in this Court.

**c.      Analysis Under CPLR Section 302(a)(3)**

Finally, Section 302(a)(3) provides that if a defendant:

> commits a tortious act without the state causing injury to person or
> property within the state, except as to a cause of action for
> defamation of character arising from the act, if he
> (i)      regularly does or solicits business, or engages in any other
> persistent course of conduct, or derives substantial revenue from
> goods used or consumed or services rendered, in the state, or
> (ii)      expects or should reasonably expect the act to have
> consequences in the state and derives substantial revenue from
> interstate or international commerce.

Under Section 302(a)(3)(i), Plaintiff fails to sufficiently allege that Defendants (1)

regularly do business in New York, (2) engage in any persistent conduct in New York, or (3)

derive substantial revenue from goods used or consumed or services performed in New York.

As discussed above, Defendants are not conducting business in New York, nor have they derived

any revenue from goods used or consumed or services performed in New York.

Furthermore, any jurisdictional claims over Defendants on the basis of CPLR section

302(a)(3)(ii) would, similarly, be unpersuasive.  Because neither Defendant has a presence in

New York, and as neither conducts business there, there is no basis for Defendants to expect or

reasonably expect their alleged actions to have consequences in New York.  In addition, since

Defendants derive no revenue from New York, as they do no business there, Plaintiff cannot

satisfy section 302(a)(3)(ii).

**3.      Exercising Personal Jurisdiction Does Not Comport with Due Process
Standards.**

In addition to demonstrating jurisdiction under New York law, Plaintiff must also show

that the exercise of jurisdiction over a defendant under the Lanham Act comports with federal

6

due process standards.  *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d. Cir. 2002).  As an initial matter, because there is no jurisdiction under New York's long-arm statute, the Court need not address the issue of due process.  *Mayes v. Leipziper*, 674 F.2d 178, 185 n.5 (2d Cir. 1982) (finding no jurisdiction under CPLR section 302(a), the Court "need not address" due process considerations).  For completeness, Defendants demonstrate below that exercising jurisdiction would not comport with due process.

There are two parts to the due process test for personal jurisdiction: the "minimum contacts" inquiry and the "reasonableness" inquiry.  *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).  Defendants do not have the requisite "minimum contacts.  The minimum contacts inquiry requires that the court determine whether a defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction over the defendant.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Metropolitan Life*, 84 F.3d at 567.  In determining whether minimum contacts exist, courts must examine the "quality and nature" of the contacts under a totality of circumstances test to determine whether the defendant has "purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws . . . such that the defendant should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 and (1985).

Here, Defendants have no contacts to New York, much less minimum contacts.  They are not based in New York, they conduct no business in New York, and they direct no marketing or advertisements to New York.  Ocalan Decl. at ¶¶ 3-10. Moreover, Plaintiff does not identify any transaction that was purportedly directed to New York.  Because there are no minimum contacts, Plaintiff cannot establish personal jurisdiction.  *Metropolitan Life*, 84 F.3d at 568.

Furthermore, personal jurisdiction here would fail the "reasonableness test." This part of the due process inquiry asks whether assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice"—that is, whether it is reasonable under the circumstances of the particular case. *See International Shoe*, 326 U.S. at 316. Forcing Defendants to litigate in a venue where Defendants have no presence would not comport with traditional notions of fairness and substantial justice. It would be prejudicial and burdensome to be hailed into a venue where Defendants do not have any contacts with the forum.

Because there is no jurisdiction under the long-arm statute and personal jurisdiction here would violate due process, Defendants motion to dismiss for lack of personal jurisdiction should be granted.

### B.     Plaintiff's Complaint Should Be Dismissed Because Venue is Improper

Plaintiff bears the burden to show that venue is proper as to each defendant for each cause of action it pleads. *City of N.Y. v. Cyco.Net, Inc.*, 383 F. Supp. 2d 526, 543 (S.D.N.Y. 2005). Because Plaintiff brought this action pursuant to federal question subject matter jurisdiction, under 28 U.S.C. § 1391, venue is only proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

As seen in the recent decision dismissing Plaintiff's previous complaint for improper venue, Plaintiff's allegations here fail to establish the Southern District of New York as a proper venue. *Assa*, 2017 U.S. Dist. LEXIS 77337 at *4-5. In *Assa*, the court, in granting the motion to dismiss for improper venue noted that Plaintiff (i) did not argue that a substantial part of the

events giving rise to its claims occurred in New York and (ii) "[a]ccepting all of the allegations in plaintiff's complaint as true, almost all (if not all) of the events allegedly giving rise to plaintiff's claims occurred in Florida." *Id*. The same is true here. Rather than Florida, the allegations in the Complaint are that Defendants' allegedly infringing activity took place in the greater Washington, DC area. *See* Complaint at ¶ 19. There are virtually no allegations demonstrating that the acts giving rise to the claims (much less "substantial" acts) occurred in this district.

The only attempt at an allegation connecting Defendants to New York is the possibility that Defendants' social media and website can be accessed in New York. Complaint at ¶ 23. But this possibility does not make this district a proper venue. *See Bensusan Restaurant Corp. v. King*, 937 F. Supp. 295, 299 (S.D.N.Y. 1996). There are no events in this district, therefore, that give rise to Plaintiff's claims. As a result, venue in this district would be improper, as the court found in Plaintiff's previous complaint.

### C.   In the Alternative, This Case Should Be Transferred to the United States District Court in Eastern District of Virginia.

If the Court does not dismiss this action for lack of personal jurisdiction and improper venue, Mr. Ocalan and Cassa Housing respectfully ask the Court to transfer this action to the Eastern District of Virginia. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Here, Defendants reside in Virginia and have no presence in New York. Both Defendants reside in the Eastern District of Virginia and it appears that witnesses in this case, at least from Defendants, will reside in Virginia. Moreover, Plaintiff alleges that its purported

claims of trademark infringement stem from Defendants' activities in Virginia.  *See* Complaint at

¶¶ 19-20.  Additionally, the crux of Plaintiff's Complaint is for trademark infringement, which

arises under federal law, and the Eastern District of Virginia is capable of disposing of such

claims.  Finally, while a plaintiff's choice of forum is given weight, the "emphasis diminishes

where 'the operative facts upon which the litigation is brought bear little material connection to

the chosen forum.'"  *Capitol Records, LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 368

(S.D.N.Y. 2009) (quoting *Berman v. Informix Corp.*, 30 F. Supp.2d 653, 659 (S.D.N.Y. 1998).

As discussed above, the operative facts alleged in Plaintiff's Complaint bear little connection to

this district, and would be properly rooted in the Eastern District of Virginia.

## IV.    CONCLUSION

For the reasons discussed herein, Defendants' motion to dismiss should be granted and

Plaintiff's Complaint should be dismissed for lack of personal jurisdiction and for improper

venue.  Should the Court not grant Defendants' motion to dismiss, Defendants alternatively ask

that the Court transfer this action to the Eastern District of Virginia.


Date: June 21, 2017                              Respectfully submitted,

                                                 KUNDU, PLLC
                                                 1501 Broadway, 12th Floor
                                                 New York, NY 10036
                                                 Tel. 646-571-2176
                                                 Email. Sudip.kundu@kundupllc.com
                                                 Attorneys for Defendants Feyyaz Ocalan and Cassa
                                                 Housing, LLC

                                                 By:  /s/Sudip K. Kundu
                                                 SUDIP K. KUNDU
                                                 New York Bar No. 5476601
                                                 SDNY No. SK4734


10

## CERTIFICATE OF SERVICE

I hereby certify that on this 21th day of June, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.


By: /s/ SudipKundu
     Sudip Kundu, Esq.


11